tenants, which were eaten by plaintiff's intestate who thereby contracted typhoid fever which caused her death, the evidence examined and *held* not sufficient to show that such negligence was the proximate cause of the death.

2.  PRESUMPTIONS, § 23*—*when presumption without foundation.* A presumption cannot be based upon a presumption.

---

Anna Maher, Appellee, v. Chicago Railways Company, Appellant.

Gen. No. 20,365.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed on remittitur; otherwise reversed and remanded. Opinion filed May 12, 1915. Rehearing denied May 26, 1915.

## Statement of the Case.

Action by Anna Maher, plaintiff, against Chicago Railways Company, a corporation, defendant, to recover damages for personal injuries.

Plaintiff's evidence tended to show that at about eleven o'clock on the night of March 24, 1911, she became a passenger upon one of defendant's northbound street cars, operated on Robey street, whereon it maintained double tracks up to a point a short distance south of Harrison street, at which point the double tracks converged into a single track which proceeded across Harrison street; that the convergence of the tracks at the point indicated necessitated a curve in the northbound track on Robey street, the radius of which curve was about seventy feet; that plaintiff purposed leaving the car when it stopped at Harrison street to take a westbound car on said street; that the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

conductor called out Harrison street before the car had reached the point of convergence to the single track, and plaintiff thereupon walked to the rear platform for the purpose of alighting from the car when it came to a stop; that the car was then running at a speed of from ten to twelve miles an hour, and was running at that rate of speed when it took the switch on the curve at the said point of convergence; that as the car took the switch and went onto the curve at said rate of speed, it gave such a sudden jolt or violent side motion that plaintiff was thrown thereby from the platform of the car upon the street pavement and injured.

There was a verdict and judgment for plaintiff for five thousand five hundred dollars, from which defendant appeals.

The substantive grounds relied upon by defendant for a reversal of the judgment are, first, the refusal of the court to give to the jury the twenty-fifth instruction tendered by defendant; and, second, that the damages awarded by the jury are grossly excessive.

The refused instruction was as follows:

"You are instructed that while the law permits the plaintiff in the case to testify in her own behalf, nevertheless you have the right in weighing her evidence, to determine how much credence is to be given to it, and to take into consideration that she is the plaintiff and interested in the result of the suit."

It is conceded by plaintiff that this instruction is an accurate statement of the law, but she contends that the refusal of the instruction does not constitute prejudicial error, because the fifth instruction given at her instance sufficiently informed the jury upon that subject.

The fifth instruction given at the instance of plaintiff is as follows:

"You are further instructed that you are the sole judges of the credit to be given to the evidence of all witnesses; and in determining the weight you should

attach to the testimony of any witness, you may take into consideration, the interest of such witness, if any, as shown by the evidence—his or her frankness and candor or lack of frankness and candor in testifying, his or her intelligence, or lack of intelligence, and the opportunity of such witness of knowing the matters and things about which he or she testified—and from all such circumstances—as well as from the other facts and circumstances in evidence, you should determine the credit you should give to the testimony of each witness appearing upon either side of the case."

Plaintiff, at the time of her injury, was forty-nine years of age. The evidence for plaintiff tends to show that she was rendered unconscious by the fall for a very short period; that she was conveyed to the County Hospital on the night of her injury, and remained there until ten o'clock the following morning, when she was taken to the University Hospital, where she remained about two weeks; that she sustained superficial bruises on her breast, on the left side of her head, on her left hip and her right knee; that she sustained a more severe bruise about and above her left eye which developed a slight scar above her eye; that her malar or cheek bone was slightly depressed, or possibly fractured, with some resulting injury to the facial nerves; that she developed some symptoms of neurasthenia, which her own physicians were unable to testify was referable to the injuries sustained by her; that she suffered considerable pain, and has had occasional attacks of headache; that her sight is somewhat impaired, but whether such impairment of her sight was occasioned by her injuries was not disclosed by the evidence; that one of her teeth was broken and she had discharges of offensive matter from her nasal passages into her mouth; that she has "a numb feeling" on the left side of her face; that she was confined to her home for three months, during which time she was unable to do any housework; that up to the time of the trial she had been unable to do any washing or ironing.

Maher v. Chicago Railways Co., 192 Ill. App. 596.

After the accident and before the trial plaintiff sustained a severe mental and nervous shock following the sudden death of her husband, and the evidence tended to show that at least some of the symptoms of which she complained were occasioned by her sorrow and sense of bereavement in consequence of the death of her husband.

WEYMOUTH KIRKLAND, WILLIAM H. SYMMES and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

CHARLES J. TRAINOR, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when judgment not disturbed where evidence conflicting.* In an action against a street railway company for injuries to a passenger while waiting on the platform to alight, where the evidence as to negligence is conflicting, a judgment for plaintiff will not be disturbed on appeal.

2. APPEAL AND ERROR, § 1537*—*when refusal to give instruction not error.* Where an instruction previously given has covered the ground, it is not error to refuse another instruction in regard to the same matter.

3. DAMAGES, § 110*—*when verdict excessive.* Evidence in action against street railway company for personal injuries, examined and *held* to show that a verdict for five thousand five hundred dollars was excessive and remittitur of two thousand five hundred dollars ordered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.